**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KATHLEEN UNANGST,**

               **Plaintiff,**　　　　　　　　**1:10-cv-740**
　　　　　　　　　　　　　　　　　　　　　　　　**(GLS\RFT)**
      **v.**

**EVANS LAW ASSOCIATES, P.C.,**

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Krohn, Moss Law Firm | ADAM T. HILL, ESQ. |
| 120 West Madison Street | |
| 10th Floor | |
| Chicago, IL 60602 | |
| | |
| **FOR THE DEFENDANT:** | |
| Peltan Law, PLLC | DAVID G. PELTAN, ESQ. |
| 128 Church Street | |
| East Aurora, NY 14052 | |

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Kathleen Unangst brings this action against defendant Evans

Law Associates, P.C. under the Fair Debt Collection Practices Act (FDCPA).[1] (Compl., Dkt. No. 1.) Evans filed a counterclaim in response to Unangst's complaint. (Dkt. No. 7.) Pending is Unangst's motion to dismiss Evans's counterclaim for lack of subject matter jurisdiction. (Dkt. No. 9.) For the reasons that follow, Unangst's motion is granted.

## II. Background

On June 24, 2010, plaintiff Kathleen Unangst filed suit against defendant Evans Law Associates, P.C. under the FDCPA. (*See* Compl., Dkt. No. 1.) Unangst alleges that Evans, as a debt collection agency, called her several times per week, including at her work, demanding payment for an alleged debt; threatened to garnish her wages; threatened to take legal action against her; and failed to identify itself as a debt collector in subsequent communications. (*See id.* at ¶¶ 11-16.) In her complaint, Unangst seeks statutory damages, attorneys' fees and costs, and a declaration that Evans violated the FDCPA. (*See id.* ¶¶ 17-20.) On August 31, 2010, Evans filed an answer to Unangst's complaint, in which it denied the alleged violations of the FDCPA and counterclaimed against Unangst seeking payment of the unpaid account. (*See* Dkt. No. 7.)

---

[1] 15 U.S.C. § 1692, *et seq.*

2

### III. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Id.* at 113. "When the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Thus, "a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

### IV. Discussion

The standard for a district court's exercise of supplemental jurisdiction over a defendant's counterclaim is codified in 28 U.S.C. § 1367. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 (2d Cir. 2004). Subsection 1367(a) of the statute states:

> Except as provided in subsections (b) and (c) or as

3

> expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Thus, in order for a federal court to exercise supplemental jurisdiction over a defendant's counterclaim, the counterclaim and the plaintiff's original claim must share a "sufficient factual relationship" to form part of the same constitutional "case." *Jones*, 358 F.3d at 214. This standard has eliminated much of the necessity of distinguishing between compulsory and permissive counterclaims, at least in the Second Circuit. *See id.* at 211-13; *see also Fentner v. Tempest Recovery Servs., Inc.*, No. 07-CV-561A, 2008 WL 4147346, at *2 (W.D.N.Y. Sept. 2, 2008).

District courts within the Second Circuit have held that in the specific context of FDCPA lawsuits where the defendant has counterclaimed for the underlying debt, the claim and counterclaim, absent any unique circumstances, are not sufficiently related to form the same case or controversy for purposes of supplemental jurisdiction. *See Fentner*, 2008 WL 4147346, at *2; *Berrios v. Sprint Corp.*, No. CV-97-0081, 1998 WL

4

199842, at *9 (E.D.N.Y. Mar. 16, 1998); *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987). Although this court has previously found that such a claim and counterclaim in an FDCPA action may be sufficiently related to exercise supplemental jurisdiction, this was because the plaintiff had alleged fraud by the defendant in calculating the amount of the debt. *See Padilla v. Clovis & Roche, Inc.*, No. 1:07-CV-00267, 2007 WL 4264582, at *3 (N.D.N.Y. Nov. 30, 2007). Based on that allegation, the court found that a sufficient factual relationship existed between the FDCPA claim and the counterclaim for the debt. *See id.*

Here, although the two claims arise from the same general transaction—namely, Unangst's debt to Evans—the FDCPA claim alleging unfair or deceptive business practices is only tangentially related to Evans's counterclaim that Unangst breached her contract to repay the debt. The facts required to prove Unangst's FDCPA claim are not the same as, nor are they even relevant to, those required to prove Evans's counterclaim for payment of the debt. Unangst's claim is based on the unfair and deceptive business practices that Evans allegedly engaged in in its attempts to collect the debt: telephone calls, threats, and failures to identify itself as a debt collector. (*See* Compl. ¶¶ 11-15, Dkt. No. 1.) Evans, meanwhile, would be

5

required to prove facts establishing that Unangst owes a debt that she has not paid. Courts have generally acknowledged that in this context, "the validity of the underlying debt is not material to the FDCPA claim." *Fentner*, 2008 WL 4147346, at *2 (citing *Stover v. Northland Grp., Inc.*, No. 05 CV 0476E, 2007 WL 1969724 (W.D.N.Y. July 6, 2007); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)). In other words, an FDCPA claim requires only an "alleged" debt;[2] the plaintiff can bring an FDCPA claim without a showing that a valid debt actually exists, so the facts regarding the existence of the debt are immaterial to Unangst's FDCPA claim. Because the two claims do not share a sufficient factual relationship to form part of the same case or controversy, Evans's counterclaim should be dismissed for lack of subject matter jurisdiction.

While not directly ruling on the issue, the court notes Unangst's argument and finds persuasive the line of cases which have held that even if supplemental jurisdiction were found, there are strong policy reasons that

---

[2] 15 U.S.C. § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

6

would support declining the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c)(4). *See Leatherwood*, 115 F.R.D. at 50; *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005); *Fentner*, 2008 WL 4147346, at *3. Specifically, opening the door for defendants to counterclaim against FDCPA plaintiffs for the underlying debt could discourage plaintiffs from bringing their FDCPA claims in the first place, which would be contrary to the stated purposes of the FDCPA.[3]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Unangst's motion to dismiss (Dkt. No. 9) is **GRANTED** and Evans's counterclaim is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

---

[3] Subsection (e) of 15 U.S.C. § 1692 states: "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

**IT IS SO ORDERED.**

July 20, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge